UNITED STATES BANKRUPTCY COURT
                    FOR THE SOUTHERN DISTRICT OF IOWA

```
IN RE:                           )
                                 )    Chapter 7
MATTHEW ZEITLER,                 )
                                 )    Bankruptcy No. 06-00034-lmj
     Debtor.                     )
-----------------------------    )
                                 )
THOMAS L. FLYNN, Trustee         )
                                 )    Adversary No. 07-30007
     Plaintiff,                  )
                                 )
vs.                              )
                                 )
MATTHEW ZEITLER, LORI ZEITLER,   )
the DESCENDANTS OF MATTHEW       )
ZEITLER, CHEQUEST FAMILY         )
TRUST, CHEQUEST FAMILY FARM      )
LLP, and JACK MORGAN FARMS,      )
LLC,                             )
                                 )
     Defendants.                 )
```

### ORDER RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter came before the undersigned for hearing on January 11, 2008. Trustee Thomas Flynn was represented by attorney Matt McDermott. Debtors/Defendants Matthew Zeitler, the Chequest Family Trust, and the Chequest Family Farm, LLP were represented by attorney Judd Kruse. Attorney Chuck Smith appeared for Jack Morgan Farms, LLC. After hearing the arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A, E).

### STATEMENT OF THE CASE

Trustee seeks summary judgment alleging Debtor's trust is invalid as a spendthrift trust. He claims that Debtor is the de facto settlor of the trust and that, as beneficiary, Debtor exercises an impermissible level of control over the corpus of the trust. Trustee asserts that no facts are in controversy and requests summary judgment as a matter of law. Debtor denies that he is the de facto settlor or that he exercises impermissible control over the trust.

**STATEMENT OF FACTS**

Debtor Matthew Zeitler filed a petition for relief under Chapter 7 on January 12, 2006. He operates a family farming business in Van Buren County, Iowa. In 1995, Debtor's father, James Zeitler, sold 296.5 acres of farmland located in Van Buren County, Iowa to Braden C. Stevensen. This is the land on which Debtor and his wife reside. The land purchase agreement required Stevenson to grant Debtor and his wife an option to repurchase the land at the same price that Stevenson paid for it, i.e., $117,000, conditioned upon payment of Debtor's personal $89,260 promissory note. The option was set to expire on January 1, 2005. In 2001, Mr. Stevensen quit-claimed his interest in the farmland to Troy Lake, LLC.

In August of 2004, Debtor had the farmland appraised. The farmland was appraised at approximately $670,000. Debtor and his wife were unable to exercise the option before the Jan 1, 2005 expiration date. However, for additional consideration, Debtor received an extension of the option until March 31, 2005. Debtor still was unable to obtain financing, and could not exercise his option before March 31, 2005.

On May 20, 2005, Debtor and his father formed a trust containing a spendthrift provision. The trust was named the Chequest Family Trust (the "Trust"). Debtor's father provided $97.00 as the initial funding, and the articles of trust list him as the "Settlor." The articles also name Debtor as the trustee, the trustee-appointee, and an income beneficiary.

The Trust agreement allows the trustee to establish bank and brokerage accounts, authorize checks or drafts to be drawn on, and withdraw from such accounts on the individual signature of the trustee. Section A-2 of Article VIII provides that the trustee has the power

> [t]o sell at public or private sale, wholly or partly
> for cash or credit, contract to sell, grant or exercise
> options to buy, convey, transfer, exchange, or
> lease...any trust property, and to partition, dedicate,
> grant easements in or over, subdivide, improve, and
> remodel, repair, or raze improvements on any real
> property of the trust, and in general to deal otherwise
> with the trust property in such manner, for such
> purpose, and on such terms and conditions as any
> individual might do as outright owner of the property.

App. at 45.

Section A-7 of Article VIII of the Trust Agreement gives the trustee the power to "enter into or oppose . . . voting trusts, mergers, consolidations, foreclosures, liquidations, reorganizations, or other changes in the financial structure of any business entity." Section A-18 of Article VIII states that the trustee has the power "[t]o perform all other acts necessary for the proper management, investment, and distribution of the trust property." Section B-6 of Article III states that

> [i]f the trustee determines that a trust has become reduced to the point that the continued administration has become unduly expensive and not in the best interests of the beneficiaries, the trustee shall distribute the balance of principal and accumulated income to the beneficiaries who are then entitled to receive the income or to have the income accumulated for their benefit. This authority to terminate shall extend to individual trust assets as well as to the trust as a whole if the trustee shall determine that continued administration of the individual trust asset is unduly burdensome or expensive to administer.

On June 7, 2005, the Trust and Jack Morgan Farms, LLC formed a partnership called the Chequest Family Farm LLP (the "Partnership"). The Trust owns 97% of the Partnership, and Jack Morgan Farms, LLC owns the remaining 3%. Jack Morgan Farms is owned by Jeff Dilbeck, who was involved in Debtor's farming business.

On June 15, 2005, the Partnership obtained a loan from Commercial Federal Bank in the amount of $330,000 for the purpose of purchasing the farmland in Van Buren County. The Partnership contemporaneously executed a mortgage on that property in favor of Commercial Federal Bank. The proceeds of the loan were disbursed as follows: 1) $275,552.12 to Mr. Stevensen; and 2) $42,996.78 to the Partnership as working capital. On June 19, 2005, Troy Lake, LLC, Mr. Stevenson's company, conveyed the farmland to the Partnership. The Partnership currently holds full title to the property.

Trustee asserts that the spendthrift provision of the Trust is not enforceable on two grounds. First, he argues that Debtor is the de facto "Settlor" of the trust. Second, he asserts that Debtor exercises an impermissible degree of control over the Trust assets in contravention of the purpose of a spendthrift trust while acting as both Trustee and income beneficiary. Debtor asserts that he is not the de facto "Settlor" of the trust.

## CONCLUSIONS OF LAW

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment in adversary proceedings. Fed. R. Bankr. P. 7056, adopting Fed. R. Civ. P. 56. This rule provides that summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A court considering a motion for summary judgment "must view all of the facts in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences that can be drawn from the facts." Webster Indus. v. Northwood Doors, Inc., 320 F.Supp2d 821, 828 (N.D. Iowa Jan. 11, 2004) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Quick v. Donaldson Co., 90 F.3d 1372, 1376-77 (8th Cir 1996)). Debtor concedes that on the issue of control, there are no facts in dispute based on the language of the Trust Agreement and the Partnership Agreement. He denies, however, that these facts warrant the entry of summary judgment for Trustee.

## PROPERTY OF THE ESTATE

"All legal and equitable interests of a debtor in property as of the commencement of the case become property of the estate pursuant to § 541(a)." In re Hupton, 287 B.R. 438, 442 (Bankr. N.D. Iowa 2002). The scope of section 541(a) is very broad. Whetzal v. Alderson, 32 F.3d 1302, 1303 (8th Cir. 1994). "A debtor's interest in property becomes property of the estate 'notwithstanding any provision in an agreement, transfer instrument, or applicable nonbankruptcy law that restricts or conditions transfer of such interest by the debtor.'" Hupton, 287 B.R. at 442; 11 U.S.C. § 541(c)(1)(A).

An exception to this rule appears in § 541(c)(2) which states: "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." This exception preserves the status of traditional spendthrift trusts as recognized by state law. In re Graham, 726 F.2d 1268, 1271 (8th Cir. 1984). In Patterson v. Shumate, 504 U.S. 753, 758 (1992), the Supreme Court states: "The natural reading of the provision entitles a debtor to exclude from property of the estate any interest in a plan or trust that contains a transfer restriction enforceable under any relevant nonbankruptcy law."

4

**SPENDTHRIFT TRUSTS**

When a trust does not qualify as a spendthrift trust under the relevant state law, its restriction on alienation is ineffective in the context of a determination under § 541(c)(2). Hupton, 287 B.R. at 443 (citing In re Holst, 192 B.R. 194, 198 (Bankr. N.D. Iowa), aff'd 197 B.R. 856 (N.D. Iowa 1996)). Ultimately, this Court must apply Iowa law to determine whether Debtors' trust property is excluded from the estate under § 541(c)(2) as a spendthrift trust.

The Iowa Code recognizes spendthrift protection in trusts. Iowa Code Section 633.2301 states: "[I]f the terms of the trust provide that a beneficiary's interest in the income and principal is not subject to either voluntary or involuntary transfer, the beneficiary's interest shall not be transferred and is not subject to enforcement of a money judgment until paid to the beneficiary." Iowa common law also recognizes the validity of spendthrift trusts. See In re Dodge's Estate, 281 N.W.2d 447, 450 (Iowa 1979). "Spendthrift trusts are trusts created to maintain a designated beneficiary and to insulate the fund from claims of the beneficiary's creditors. A trust having a valid restraint on the voluntary and involuntary transfer of the beneficiary's interest is a spendthrift trust." In re Tone's Estates, 39 N.W.2d 401, 407 (Iowa 1949).

Under Iowa law, a trust is created by the transfer of property by the owner to another person as trustee for a third person. State v. Caslavka, 531 N.W.2d 102, 105 (Iowa 1995); Iowa Code §§ 633.2101, 633.2102. "The facts and circumstances surrounding the transaction, statement of intentions of settlors, conduct and actions of the parties, especially the donee, [and] written statements ... all taken together establish the existence of a trust relationship." Butler v. Butler, 114 N.W.2d 595, 612 (Iowa 1962). A trust is not created unless the settlor manifests an intention to impose enforceable duties upon the transferee. Cox v. Cox, 357 N.W.2d 304, 306 (Iowa 1984).

In Iowa, there are two possible ways to invalidate a spendthrift trust. Hupton, 287 B.R. at 443. "Generally, a settlor cannot make a spendthrift trust for [the settlor's] own benefit." In re Schwartz, 58 B.R. 606, 607 (Bankr. N.D. Iowa 1984). A beneficiary's right to obtain his benefit from the trustee immediately defeats its status as a spendthrift trust. Holst, 192 B.R. at 198 (citing Merchants' National Bank v. Crist, 140 Iowa 308 (1908); In re Swanson, 873 F.2d 1121, 1123 (8th Cir. 1989); Schwartz, 58 B.R. at 607; Restatement (Second) of Trusts § 156 (1959)).

5

Additionally, a spendthrift trust will usually be found invalid where the beneficiary exercises an impermissible amount of dominion and control over the corpus of the trust. See Schwartz, 58 B.R. at 607. In Schwartz, this court found that an individual retirement account does not qualify as a spendthrift trust because of the debtor's power of revocation. Id.; see also Hupton, 287 B.R. 445 (debtor could elect to receive her interest in annuity in lump sum, therefore alienation prohibition was ineffective); Fleming v. Casady, 213 N.W. 608 (Iowa 1926) (testamentary trust giving beneficiaries right to have property sold, or right to retain individual portion, held not a spendthrift trust).

Other courts have provided further clarifications of the impermissible control rule. Compare In re Markmueller, 51 F.3d 775, 777 (8th Cir. 1995) (holding invalid under Missouri law trust that gave trustees absolute control over management and use of trust estate for any purpose) with Drewes v. Schonteich, 31 F.3d 674, 678 (8th Cir. 1994) (finding elements of spendthrift trust were met under North Dakota law where trusts were subject to enforceable restrictions on transfer, debtor had not contributed any money to the trust and debtor had no control over corpus).

**ANALYSIS**

Based on the foregoing, the Court concludes that Debtor exercises extensive control over the corpus of the Trust which invalidates the spendthrift trust provision. Almost without limitation, Debtor is able to treat the farm property as if he owns it outright. Evidence of this control is manifest in the record based on the language in both the Trust Agreement and the Partnership Agreement. Similar to Schwartz, Debtor is able to revoke the trust upon the happening of certain conditions.

The language of the Trust Agreement provides that Debtor may elect to revoke the trust if he believes that it is unduly burdensome or expensive to administer. It provides that he may distribute the proceeds to the income beneficiaries, i.e., himself. There is a complete absence of restraint on transfer. The property is not insulated from his creditors. This disqualifies the Trust from being a spendthrift trust. As there are no facts in dispute on this issue, this Court must conclude that the spendthrift provision in the Trust is invalid, and Debtor's interest in the Trust is not excluded from the bankruptcy estate under § 541(c)(2).

Movant also alleges summary judgment is proper on the alternative ground that the spendthrift trust is self-settled. This argument, however, requires a fact-intensive inquiry. Unlike the control issue, summary judgment is not appropriate on the issue of whether the Trust is self-settled. As the Court has granted summary judgment on the issue of control, however, this issue is now moot.

**WHEREFORE**, Trustee's Motion for Summary Judgment is GRANTED.

**FURTHER**, Debtor's interest in the Chequest Family Trust is not excluded from the bankruptcy estate under § 541(c)(2).

**FURTHER**, Trustee is entitled to liquidate Debtor's interest in the Chequest Family Trust as property of the estate by dissolving the Partnership and disposing of its assets.

Dated and Entered: February 29, 2008.

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE