UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| MATTHEW J. ZIETLER, ) | |
| ) | Bankruptcy No. 06-00034 |
| Debtor. ) | |
| _____ ) | |
| THOMAS L. FLYNN, ) | |
| ) | Adversary No. 07-30007 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MATTHEW J. ZIETLER, et al ) | |
| ) | |
| Defendant. ) | |

**ORDER RE: MOTION FOR EXTENSION OF TIME
TO FILE AN APPEAL**

This matter came before the undersigned on March 28, 2008 on Debtor's Motion for Extension of Time to File an Appeal.  Thomas Flynn appeared as Plaintiff/Trustee.  Attorney Judd Kruse appeared for Debtor/Defendant Matthew Zietler.  Attorney Charles Smith appeared for Jack Morgan Farms, LLC.  After hearing arguments of counsel, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A, E).

On February 29, 2008, the Court entered Summary Judgment for Trustee, finding that Debtor's interest in a Family Trust is included in the bankruptcy estate and granting Trustee authority to liquidate that interest.  The 10-day period to appeal expired on March 10, 2008.  On March 15, 2008, Debtor filed a Motion for Extension of Time to File an Appeal, stating "Counsel inadvertently calendared the appeal deadline date as March 17, 2008 instead of March 10, 2008."  Trustee objects.  He asserts Debtor has failed to show excusable neglect for failing to meet the appeal deadline.

Under Bankruptcy Rule 8002(c), the Court may extend the time for filing a notice of appeal by 20 days if a request for extension is made before the time for filing a notice of appeal has expired.  If the request to extend the time for filing a notice of appeal is made after expiration of the ten-day appeal period, the Court can grant the request only on a showing of

excusable neglect. Fed. R. Bankr. P. 8002(c)(2). When considering excusable neglect, courts apply the factors set out by the Supreme Court in Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395 (1993); In re Van Houweling, 258 B.R. 173, 176 (B.A.P. 8th Cir. 2001) (applying Pioneer factors to excusable neglect under Rule 8002(c)).

The determination of what sorts of neglect will be considered excusable is an equitable determination, taking account of all relevant circumstances including:

1. danger of prejudice to the [non-moving party],

2. the length of the delay and its potential impact on judicial proceedings,

3. the reason for the delay, including whether it was within the reasonable control of the movant, and

4. whether the movant acted in good faith.

Van Houweling, 258 B.R. at 176, citing Pioneer, 507 U.S. at 395. These four factors are not equal in weight; the excuse given for the late filing must have the greatest import. Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 460 (8th Cir. 2000). Inadvertence, ignorance of the rules or mistakes in construing the rules do not usually constitute excusable neglect. Pioneer, 507 U.S. at 392. Garden-variety attorney inattention, such as miscalculating an appeal period, cannot excuse the failure to file a timely notice of appeal. Lowry, 211 F.3d at 464.

The excuse given for Debtor's failure to file a timely notice of appeal is counsel's inadvertence in calendaring the appeal deadline. The length of the delay after the appeal period was five days. There is no indication that Debtor acted in bad faith. The danger of prejudice to Trustee is high, considering the time and expense which would arise from an appeal. The factor with the greatest import is the excuse given for Debtor's delay herein. Inadvertence or mistake in calendaring the appeal deadline is not the type of excuse which can constitute excusable neglect under Rule 8002(c)(2).

The Court further notes that, had Debtor met the deadline to file a notice of appeal, it is unlikely that a reviewing court would rule in Debtor's favor. As noted in the Order granting Trustee summary judgment, the failure of the spendthrift trust provision of the Chequest Family Trust is evident from the language of the Trust Agreement. Furthermore, the law is clear

that trust property is property of the bankruptcy estate in the absence of a valid spendthrift trust provision.

**WHEREFORE,** Defendant Matthew Zeitler's Motion for Extension of Time to File an Appeal is DENIED.

DATED AND ENTERED: April 1, 2008

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE